**UNITED STATES of America,**
**Appellee,**

v.

**John J. MIKULA, Defendant–Appellant.**

**No. 06–5750–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 21, 2007.

*ineffective to test the legality of his detention.*   28 U.S.C. § 2255 ¶ 5 (emphasis added).

**13**

Marianne Mariano, Federal Public Defender, Buffalo, NY, for Appellant.

Joseph J. Karaszewski, Assistant United States Attorney (Terrence P. Flynn, United States Attorney for the Western District of New York, of counsel), Buffalo, NY, for Appellee.

PRESENT: Hon. THOMAS J. MESKILL, Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

The defendant appeals from the district court's order revoking bail pending trial. We assume the parties' familiarity with the relevant facts and procedural history.

A district court may order pretrial detention where it finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community. . . ." 18 U.S.C. § 3142(e); *see id.* § 3142(f). We review a district court's bail determination for clear error. *United States v. Ferranti,* 66 F.3d 540, 542 (2d Cir.1995).

Upon review of the facts and circumstances of this case, we cannot say that the district court's decision to grant the government's motion to revoke bail is clearly erroneous. Nevertheless, in light of the length of time the defendant has been in federal custody, the likely period of incarceration he faces if convicted, and the repeated exclusions of time under the Speedy Trial Act that have occurred as a result of the magistrate judge's delay in deciding a motion to exclude evidence, we construe Mikula's appeal, in the alternative, as a petition for mandamus. *See Hong Mai Sa v. Doe,* 406 F.3d 155, 158 (2d Cir.2005). Having done so, we deny the petition because we conclude that petitioner's right to relief is not at this time "clear and indisputable." *Id.* We do so, however, with the proviso that if (1) the motion to suppress which we are told is now pending before the magistrate judge is not decided by him within 30 days hereafter, or (2) there is substantial other delay in resolv-

ing this prosecution, the petition may be reinstituted in this Court. In the event it is so reinstituted, it shall be referred to this panel.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED, and defendant's petition for mandamus is hereby DENIED without prejudice under the terms set forth above.