SUMMARY ORDER
Jeffrey Tibbetts appeals from an order of the United States District Court for the District of Connecticut (Droney, /.), dated January 20, 2005, granting defendants’ motions for summary judgment as to all *745 counts in these three consolidated actions. We assume familiarity with the facts, the procedural history, and the issues on appeal.
Defendants have challenged this appeal on jurisdictional grounds, noting that Tib-betts failed to file his notice of appeal until more than thirty days after the District Court entered judgment for the defendants. In light of the complexity of Tib-betts’s claimed grounds for jurisdiction and because it is clear that his underlying claim is meritless, we assume hypothetical jurisdiction to dispose of that claim. Abimbola v. Ashcroft, 378 F.3d 173, 180 (2d Cir.2004).
Under the doctrine of res judicata or claim preclusion, “when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.” Comm’r v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948) (internal quotation marks and citation omitted).
The District Court correctly concluded that twenty-seven of Tibbetts’s claims in these cases are precluded by the judgment entered on March 29, 2000, in Tibbetts v. Dittes et al., 3:95CV995(AVC) (D.Conn.), appeal dismissed, 01-7377 (2d Cir. Sept. 16, 2003). We agree with the District Court that defendants met their burden of showing that the judgment in Dittes, rendered by a court of competent jurisdiction, was a final judgment on the merits in a case involving the same parties or their privies, and the same cause of action, as these three consolidated actions. See In re Teltronics Servs., Inc., 762 F.2d 185, 190 (2d Cir.1985); Fink v. Golenbock, 238 Conn. 183, 191, 680 A.2d 1243, 1249 (1996). To the extent, if any, that Tibbetts’s claims challenging defendants’ conduct during the course of the Dittes litigation survive the preclusive effect of the Dittes judgment, those claims are precluded by the District Court’s denial of Tibbetts’s Rule 60 motion in Dittes, and by this Court’s affirmance of that denial. Tibbetts v. Dittes, 167 Fed.Appx. 851 (2d Cir .2006).
In addition, the District Court correctly concluded that the judgment entered in Tibbetts v. Yale Corporation (E.D.Va. July 16, 2004), see also Yale Corporation (E.D. Va. June 18, 2001), ajf’d 47 Fed.Appx. 648 (4th Cir.2002), precludes Tibbetts’s remaining four counts, namely the counts in Tibbetts v. Robinson that are based, in part, on the defendants’ alleged conduct during Tibbetts’s bankruptcy proceeding. We agree with the District Court that defendants met them burden of showing identity of the remedy sought, identity of the cause of action, identity of the parties, and identity of the quality of the persons for or against whom the claim is made. Davis v. Marshall Homes, Inc., 265 Va. 159, 164, 576 S.E.2d 504, 506 (2003).
Together, the judgments in Dittes and in Yale Corporation, put an end to all of Tibbetts’s causes of action in these consolidated actions. Furthermore, we remind Tibbetts that he has been permanently enjoined from “bringing any future proceedings related to his tenure at Yale University in the District of Connecticut” or “filing any papers in connection with any case already pending in the District of Connecticut” without the District Court’s prior permission. Tibbetts v. Stempel, 3:97CV2561(CFD), 3:97CV2682(CFD), *746 3:97CV2688(CFD), 2005 U.S. Dist. LEXIS 19278, at *28, 2005 WL 2146079, at *8 (D.Conn. Aug. 31, 2005).
We note that Tibbetts has one more case pending before this Court. See Tibbetts v. President & Fellows, 05-5780. This panel does not have oversight of Tibbetts’s conduct in the course of that appeal, but we remind Tibbetts — and his attorney, who has ethical obligations to this Court that are separate from any obligations owed to his client — that this Court “may resort to restrictive measures that except from normally available procedures litigants who have abused them litigation opportunities.” In re Martin-Trigona, 9 F.3d 226, 228 (2d Cir.1993). These measures include barring a party from filing further appeals or motions without the leave of this Court, see Gyadu v. Hartford Ins. Co., 197 F.3d 590, 592 (2d Cir.1999) (imposing leave-to-file requirement on litigant who had filed seven appeals and “numerous other motions”), and Rule 38 sanctions, including attorney’s fees, for filing and prosecuting a frivolous appeal, see Fed. R.App. P. 38; 60 E. 80th St. Equities, Inc. v. Sapir, 218 F.3d 109, 119 (2d Cir.2000). For the benefit of Tibbetts’s attorney, we also note that, in the past, this Court has occasionally invoked its authority under Rule 38 to impose an attorney’s fees award on a litigant’s attorney rather than the litigant himself. E.g. Ernst Haas Studio, Inc. v. Palm Press, Inc., 164 F.3d 110, 111 (2d Cir.1999) (ordering payment of attorney’s fees by appellant’s counsel as a sanction under Rule 38). Tibbetts and his attorney are thus warned that this Court shall not brook further abuse of its processes and advised to conduct themselves accordingly.
During the week before oral argument was heard in this appeal, Tibbetts, through counsel, filed several motions. The Clerk’s Office is hereby directed to refile Tib-betts’s motion to recall the mandate in Tibbetts v. Dittes, 01-7377, his “Renewed motion for ‘notice’ requirements in pro se-to-counseled appeals and motion to be relieved of the unpublished requirements in pro se-to-counseled appeals,” and his “Motion to file oversized memorandum of law in support of violations of the Due Process and Equal Protection Clause of the Fifth Amendment” under docket number 01-7377, to refile his motion to recall the mandate in Tibbetts v. Dittes, 05-0694, under docket number 05-0694, and to refile his motion to recall the mandate in Tib-betts v. Dittes, 05-4695, under docket number 05-4695. We deny Tibbetts’s “Motion to hold the instant appeal in abeyance until the underlying due process violations in Tibbetts v. Dittes, 01-7377, are resolved” and any other motions currently pending in this appeal.
The judgment of the district court is AFFIRMED. Appellant is to bear costs. The mandate shall issue immediately.