SUMMARY ORDER
Jeffrey Tibbetts appeals from an order and judgment of the United States District Court for the District of Connecticut (Droney, J.), dated January 20, 2005, 2005 WL 162382, and February 15, 2005 respectively, granting defendants’ motion to dismiss the amended complaint. We assume the parties’ familiarity with the facts, the procedural history, and the issues on appeal.
Tibbetts filed the instant lawsuit seeking to set aside the judgment rendered in Tibbetts v. Dittes, No. 95 Civ. 995 (D.Conn. Mr. 29, 2000), appeal dismissed, No. 01-7377-ev (2d Cir. Sept. 16, 2003). To the extent that Tibbetts asks us to construe his action as a motion for relief under Rule 60(b)(1) or (b)(3), we agree with the district court that, even if timely brought, such a motion must be made “in the court and in the action in which the judgment was rendered,” and cannot be maintained as a separate action.[1] Fed.R.Civ.P. 60, 1946 advisory committee note.
Tibbetts appears to abandon any claim that his action may be maintained as an “independent action” for equitable relief under Rule 60(d), however, by failing to raise the issue in his counseled brief. In any event, the district court did not err in finding that Tibbetts failed to state such a claim. “Generally, claimants seeking equitable relief through independent actions must meet three requirements. Claimants must (1) show that they have no other available or adequate remedy; (2) demonstrate that movants’ own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground — such as fraud, accident, or mistake — for the equitable relief.” Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 662 (2d Cir.1997). The district court properly concluded that Tibbetts either had available remedies before the court in the *937 Dittes action or did not, even assuming his allegations were true, plead the requisite fraudulent conduct to sustain an independent action.
The amended complaint does not allege that the Dittes judgment is void pursuant to Rule 60(b)(4) as a result of due process violations. Nonetheless, Tibbetts raises the argument on appeal. This claim is precluded by the district court’s denial of Tibbetts’s Rule 60 motion in Dittes, and by this Court’s affirmance of that denial. Tibbetts v. Dittes, 167 Fed.Appx. 851 (2d Cir.2006). Tibbetts does not challenge the district court’s denial of the post-judgment motion to amend the complaint, nor do we find any error in the district court’s ruling.
In disposing of Tibbetts’s appeal in Tibbetts v. Levin, Nos. 05-5826-ev et al., we noted that the instant appeal remained pending and cautioned Tibbetts and his counsel that “this Court may resort to restrictive measures that except from normally available procedures litigants who have abused them litigation opportunities,” and that “[tjhese measures include barring a party from filing further appeals or motions without the leave of this Court.” Tibbetts v. Levin, 288 Fed.Appx. 743, 746 (2d Cir.2008) (internal quotation marks and citations omitted). Tibbetts has long been on notice that the instant action was wholly without merit, see Tibbetts v. Stempel, Nos. 3:97-cv-2561-cfd et al, 2005 WL 2146079, at *7 (“Tibbetts cannot be said to have had an objective good faith belief in the merits of the lawsuits filed subsequently to Dittes, particularly Tibbetts v. President and Fellows of Yale College, which was filed four years after the three consolidated actions, and which sought substantially the same relief.”), and was recently informed by this Court that any “claims challenging defendants’ conduct during the course of the Dittes litigation” — precisely the kind of claims alleged in this action— “are precluded by the District Court’s denial of Tibbetts’s Rule 60 motion in Dittes, and by this Court’s affirmance of that denial.” Tibbetts v. Levin, 288 Fed.Appx. at 745. Nevertheless, Tibbetts pursued this appeal and, over the past several years, has filed numerous motions, both in this and in his six related appeals (Nos. 05-5826, 05-5873, 05-5830, 05^695, 05-0694, 01-7377), raising claims that have been addressed and rejected repeatedly by both this Court and the district court. In sum, having warned Tibbetts that sanctions may be imposed under these circumstances, it is hereby:
ORDERED that Jeffery Tibbetts must file in this Court within 20 days of the filing of a notice of appeal from a judgment rendered by a district court within this Circuit a motion for leave to take such appeal. Such motion shall indicate supporting grounds, and all proceedings in this Court relating to such appeal shall be stayed until such a motion is decided. If such a motion is not filed within 20 days, the appeal shall be dismissed. A copy of this order is to be appended to any notice of appeal;
ORDERED that Jeffery Tibbetts is enjoined from filing applications for relief other than an appeal from a judgment rendered by a district court in this Circuit unless such application is accompanied by a motion for leave to file such application that states supporting grounds. All proceedings in this Court shall be stayed until such motion is decided. The clerk shall accept no papers that do not comply with this order; and it is further
ORDERED that nothing herein shall apply to petitions for rehearing of the present decision by this panel or by the Court en banc or shall be construed to limit Jeffery Tibbetts’s access to the Supreme Court of the United States on any matter.
*938 We believe this procedure protects the parties and this Court from frivolous litigation, while still preserving Tibbetts’s right of access to the courts. See Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591-92 (2d Cir.1999); see also Hong Mai Sa v. Doe, 406 F.3d 155,158 (2d Cir.2005).
For the foregoing reasons, the judgment of the district court is AFFIRMED. We DENY as moot defendants’ motion for leave to file a supplemental appendix and final-form brief. The outstanding motions filed by Tibbetts in this and other cases are addressed in a separate order.

. Tibbetts, in fact, filed three Rule 60 motions in the Dittes action, each of which was denied by the district court; those denials were affirmed on appeal. See Tibbetts v. Dittes, 167 Fed.Appx. 851 (2d Cir.2006); Tibbetts v. Dittes, No. 05-4695 (2d Cir. Aug. 10, 2006). Tibbetts has been barred from filing further motions related to the Dittes action without written leave from the district court. Tibbetts v. Stempel, Nos. 97 Civ. 2561 et al., 2005 WL 2146079, at *8 (D.Conn. Aug.31, 2005).