09-0628-cv
Wang v. Miller

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/ ). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the sixteenth day of December, two thousand and nine.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> *Circuit Judges*,
> CAROL BAGLEY AMON,
> *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MICHAEL J. WANG, M.D.,

    *Plaintiff-Appellant*,

    -v.-                                      No. 09-0628-cv

JULIA N. MILLER, TONI E. LOGUE,

    *Defendants-Appellees.*

---

[*] The Honorable Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**         Michael J. Wang, South Setauket, NY, *pro se.*

**FOR DEFENDANTS-APPELLEES:**        Kevin T. Rover, Morgan, Lewis & Bockius LLP, New York, NY, *for Defendant-Appellee Julia N. Miller.*

                                       Andrew M. Cuomo, Attorney General for the State of New York; Barbara D. Underwood, Solicitor General; Ann P. Zybert, Assistant Solicitor General, New York, NY, *for Defendant-Appellee Toni E. Logue.*

Appeal from a February 11, 2008 order of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Michael Wang ("Wang"), *pro se*, appeals from the District Court's order dismissing *sua sponte* his claims under 42 U.S.C. §§ 1983, 1985, and 1986, as well as state law, against defendants-appellees Julia Miller, a private attorney ("Miller"), and Toni Logue, an Assistant Attorney General for the State of New York ("Logue"). The present appeal is one of multiple suits initiated by Wang since 2004, when Wang's medical certification and residency position were revoked and he was prevented from obtaining medical employment based on a finding that he had fraudulently practiced medicine. Defendants Logue and Miller each represented entities against which Wang brought lawsuits regarding the revocation of his medical certification and residency position. In 2008, Wang filed a complaint against defendant Logue, alleging that she made false statements regarding Wang's qualifications to practice medicine during the course of that earlier litigation. The District Court dismissed Wang's claims against Logue with prejudice for failure to state a claim and on grounds of Logue's absolute immunity. *See Wang v. Logue*, 08-cv-383 (E.D.N.Y., Jun. 10, 2008). On January 16, 2009, Wang initiated the present suit against Logue and also against defendant Miller, a private attorney who defended another private entity in Wang's earlier lawsuits. The District Court dismissed Wang's complaint *sua sponte* on grounds of *res judicata*, immunity, and failure to state a claim. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

We review *de novo* a district court's dismissal of a complaint. *See e.g., Giano v. Goord*, 250 F.3d 146, 149 (2d Cir. 2001). "To survive dismissal, [a] plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When a plaintiff proceeds *pro se*, as here, we are "obliged to construe his pleadings

2

liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

### I.  Claims Against Defendant Logue

We recently affirmed the dismissal of Wang's claims against Logue for her actions in representing a New York State agency as Assistant Attorney General of New York State as barred by absolute immunity.  *See Wang v. Logue*, No. 08-3132-cv, 2009 WL 3521472, at *1 (2d Cir. Nov. 2, 2009). In addition, the claims Wang raises against Logue in the instant litigation are virtually identical to the claims Wang raised against her in a prior action.  Accordingly, Wang's claims against Logue are barred by *res judiciata*, *see Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204 (2d Cir. 2002), and by the doctrine of absolute immunity, *see Pinaud v. County of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995); *Barrett v. United States*, 798 F.2d 565, 571-73 (2d Cir. 1986).

### II.  Claims Against Defendant Miller

The District Court did not err in determining that Wang failed to state a claim under § 1983 because Miller is not a state actor.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-51 (1999). Wang's vague allegations of conspiracy to deprive him of his constitutional rights are also insufficient to sustain a claim under §§ 1983 and 1985.  *See Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) (noting that § 1985 claims must be dismissed where they contain "only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights").  Because § 1986 claims are contingent upon a valid § 1985 claim, the District Court was also correct in dismissing Wang's § 1986 claim.

As to Wang's State law claims, a district court has discretion to exercise supplemental jurisdiction over state law claims, *see* 28 U.S.C. § 1367(c).  The District Court did not abuse its discretion in declining to exercise jurisdiction over Wang's state law claims in the instant case.

### III.  Warning of Injunction Against New Actions

Finally, we reinforce the District Court's warning to Wang regarding his duplicative lawsuits. When "a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotations marks and citations omitted).  Wang has filed at least five prior *pro se* federal actions relating to the loss of his medical license and his discharge from a medical residency program.  As the District Court noted in its memorandum and order of February 11, 2009, No. 09-cv-183, "[i]n each of Plaintiff's filings, Plaintiff reasserted the same issues against the same parties, and offered no additional facts that would alter [the District Court's] finding in its earlier orders. . . . Plaintiff has been given every conceivable benefit of the doubt."  We join the District Court in cautioning Wang that since his repeated filings relate to similar facts and issues, some of which have already been dismissed with prejudice, further filings of any complaint or any appeal based on the same facts and issues may result in the issuance of an order prohibiting Wang from filing any future lawsuits in this Court without first obtaining leave of the Court.  Failure to abide by the terms of this Order, or that of the District Court, could result in the imposition of sanctions.

## CONCLUSION

Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

By _____