08-5853-cv
Jeffreys v. United Technologies

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-first day of December, two thousand and nine.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THOMAS J. JEFFREYS,

> *Plaintiff-Appellant,*

> -v.-                                                        No. 08-5853-cv

UNITED TECHNOLOGIES CORPORATION, SIKORSKY AIRCRAFT DIVISION,

> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1

FOR PLAINTIFF-APPELLANT:                    Thomas Jeffreys, Waterbury, CT,
                                            *pro se.*

FOR DEFENDANTS-APPELLEES:                   Edward J. Dempsey, Day Pitney,
                                            LLP, Harford, CT.


      Appeal from a November 12, 2008 order of the United States District Court for the District of Connecticut (Dominic J. Squatrito, *Judge*).

      **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

      Plaintiff-appellant Thomas Jeffreys ("plaintiff"), *pro se*, appeals from the District Court's post-judgment order denying his motion for reconsideration in his suit under the Americans with Disabilities Act ("ADA") against defendant-appellee United Technologies Corporation, Sikorsky Aircraft Division ("United Technologies" or "defendant").  In August 1999, the District Court granted summary judgment for defendant against plaintiff, finding that plaintiff did not have a disability within the meaning of the ADA.  We affirmed the District Court's judgment in December 2000.  *See Jeffreys v. United Techs. Corp*, 242 F.3d 365 (2d Cir. 2000).  Between 1999 and 2003, plaintiff filed five post-judgment motions for relief that were each denied by the District Court.  Plaintiff filed two unsuccessful appeals from these denials in our Court.  In June 2006, plaintiff filed a motion for reconsideration of the grant of summary judgment, arguing that he had discovered new evidence in 2004.  Between 2006 and 2008, plaintiff filed multiple motions and requests with the District Court, and the District Court ultimately denied plaintiff's motion for reconsideration in September 2008.  Plaintiff filed another motion in November 2008 in which he asserted he had not received the District Court's September order until October 2008.  The District Court denied plaintiff's November 2008 motion in an order entered on November 12, 2008.  On November 24, 2008, plaintiff filed a notice of appeal challenging the denial of his June 2006 motion for reconsideration and the District Court's November 2008 order.  We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

      Plaintiff's notice of appeal is timely from the District Court's order of November 12, 2008 denying plaintiff's November 2008 motion.  Plaintiff characterized that motion as a general motion for reconsideration brought under Rule 60(a) of the Federal Rules of Civil Procedure.  It appears, however, that the motion would be more accurately construed as a motion to reopen plaintiff's time to appeal from the District Court's September 2008 denial of an earlier motion for reconsideration, pursuant to Rule 4(a)(6), or as a motion seeking reconsideration of the September 2008 order based on plaintiff's alleged newly discovered evidence.

      In any event, we review for "abuse of discretion" both a district court's denial of a motion for extension of time to file an appeal, *see Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 362 (2d Cir. 2003), and its denial of a motion for reconsideration, *see, e.g., Universal Church v. Geltzer*, 463 F.3d 218, 228 (2d Cir. 2006).  *Cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence,

or rendered a decision that cannot be located within the range of permissible decisions." (internal quotation marks, citations, and alterations omitted).

We cannot conclude that the District Court "abused its discretion" in denying plaintiff's motion however it is construed. If we read the motion as one for reconsideration, the District Court did not err in dismissing it. Plaintiff did not demonstrate that he had newly discovered evidence that was material to the District Court's determination when it issued summary judgment that plaintiff was not "disabled" within the meaning of the ADA. *See Boule v. Hutton*, 328 F.3d 84, 95 (2d Cir. 2003) (noting that Rule 60(b)(2) motions may be granted only "when the movant presents newly discovered evidence that could not have been discovered earlier and that is relevant to the merits of the litigation"). Nor did the District Court err in denying plaintiff's motion if it is instead interpreted as a motion for extending the time to appeal pursuant to Rule 4(a)(6). Plaintiff did not argue that he meets the requirements for granting a Rule 4(a)(6) motion. Specifically, plaintiff failed to allege why no party would be prejudiced by the extension after the District Court had determined in an earlier decision that prejudice would result from such an extension.

Plaintiff has also moved to expand the record to include his allegedly new evidence. Because plaintiff has not demonstrated that the documents he has identified contain material facts that were omitted from or misstated in the record, his motion to supplement the record is denied. *See* Fed. R. App. P. 10(a), (e)(2).

Finally, after reviewing the extensive, overlapping motions made by plaintiff, we now issue a note of warning to Jeffreys regarding his duplicative filings. When "a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotations marks and citations omitted). Plaintiff has filed at least three appeals in our Court and at least seven motions with the District Court, all related to the District Court's order of summary judgment on plaintiff's ADA claim in favor of defendants. We wish to caution Jeffreys that since his repeated filings relate to similar facts and issues and are directed at one party, further filings of any complaint or any appeal based on the same facts and issues may result in the issuance of sanctions or other restrictions on his use of the federal court system.

## CONCLUSION

Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

By _____

3