In re Certain Seized Property of Mark Beezup, No. S0372-11 CnC (Toor, J., Apr. 21, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| In re CERTAIN SEIZED PROPERTY of Mark Beezup | Docket No. S0372-11 CnC |

RULING ON PETITION FOR MANDAMUS

Petitioner Mark Beezup seeks an order of mandamus directing the Criminal Division of this court to issue an order returning certain seized property to him. The court concludes that it cannot do so for two reasons.

First, this court -- the Civil Division of the Superior Court -- is of equal stature to the Criminal Division of the Superior Court. The very definition of mandamus is an order from a higher court to a lower court. Black's law Dictionary (8th ed. 2004)("a writ issued by a superior court to compel a lower court" to act); Hong Mai Sa v. Doe, 406 F. 3d 155, 158 (2d Cir. 2005)(mandamus is issued by appellate court to order an "inferior court" to act); *see also* 52 Am. Jur. 2d Mandamus § 303 (WL updated Nov. 2010) ("Mandamus will not issue from one court to another of equal dignity or jurisdiction.").

Second, the cases appear to hold quite uniformly that mandamus cannot be used to compel a court to decide a matter before it in a particular way. *E.g.*, In re Parsons, 150 U.S. 150, 156 (1893) ("We cannot by writ of mandamus compel the court below to decide a matter before it in a particular way . . . ."); Humana of Ky., Inc. v. NKC Hosps., Inc., 751 S.W.2d 369, 374 (Ky. 1988) (mandamus is "not an appropriate remedy to tell the court or administrative body how to decide or to interfere with its exercise of discretion"); State ex rel. Tillimon v. Weiher, 605 N.E.2d 35, 36 (Ohio 1992)

("[M]andamus . . . cannot control judicial discretion." (citation omitted)); <u>Moreau v. Fuller</u>, 661 S.E.2d 841, 845–46 (Va. 2008) (mandamus may be used to compel ministerial but not discretionary duties; if the act to be performed requires the exercise of judgment or discretion, then it is a judicial act and mandamus will not lie); <u>State ex rel. Beffa v. Superior Court for Whatcom Cnty.</u>, 100 P.2d 6, 7 (Wash. 1940) ("[J]udicial discretion cannot be controlled by a writ of mandamus, and that such writ will not issue to compel the superior court to decide a matter in any particular way.").

Even if this court did have authority, and the petition sought only an order to the other court to issue a prompt ruling, as opposed to a favorable ruling, it would not be appropriate because mandamus applies only when there is a duty to perform a "simple ministerial duty" or there is an "arbitrary abuse of power." <u>Ahern v. Mackey</u>, 2007 VT 27, ¶ 8, 181 Vt. 599. Neither exists here.

<u>Order</u>

The petition for mandamus is denied.

Dated at Burlington this 21st day of April, 2011.

_____
Helen M. Toor
Superior Court Judge

2