**ELD-002**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2641
_____

In re: FREDERICK H. BANKS,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Nos. 2-15-cr-00168-001,
2-03-cr-00245-001 & 2-15-cv-01400)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 12, 2017

Before: JORDAN, GREENBERG and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 19, 2017)
_____

OPINION[*]
_____

PER CURIAM

    Pro se petitioner Frederick Banks has filed a petition for a writ of mandamus

asking us to compel District Judge Cathy Bissoon to docket his "motion to disclose FISA

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

surveillance." Banks, who believes that the Government has been tracking his communications under the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C. § 1801, claims that the District Court Clerk refuses to docket his motion because he is subject to a filing injunction. According to Banks, Judge Bissoon unlawfully entered the injunction in retaliation for his attempts to expose her involvement in a conspiracy against him. Banks asks this Court to direct Judge Bissoon to carry out her oath of office and file his motion for FISA surveillance.

A writ of mandamus is a drastic remedy available in only extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Mandamus is a means "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (quoting In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000)). Mandamus may not be used as a substitute for appeal. Id. at 378–79.

We will deny Banks's petition. First, insofar as Banks objects to the legality of the filing injunction, mandamus is not available because he could have obtained review of the injunction through a direct appeal. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not."); Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) (declining to review the procedures established by the filing injunction when they had not been previously challenged on appeal).

Second, we will not compel the District Court to docket his motion to disclose the alleged FISA surveillance because that motion fell squarely within the terms of the filing

2

injunction. The injunction, which was entered in December 2015, specifically precludes Banks from filing any complaint, lawsuit, or mandamus petition without prior leave of court, and makes clear that all of Banks's filings will be opened as miscellaneous cases. See Banks v. Pope Francis, W.D. Pa. Civ. A. No. 15-cv-1400, ECF No. 7. Therefore, we cannot say that the District Court, in applying the filing injunction to Banks's motion to compel, "engaged in an 'unlawful exercise of its prescribed jurisdiction' or failed to 'exercise its authority when it was its duty to do so.'" Hong Mai Sa, 406 F.3d at 159 (quoting Richardson Greenshields Secs., Inc., 825 F.2d 647, 652 (2d Cir. 1987)).

Because Banks has not shown that his "right to issuance [of a writ of mandamus] is clear and indisputable," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), the petition for writ of mandamus will be denied.[1]

---

[1] Banks's "motion to order BOP to provide six month trust funds statement," which we construe as a request to be relieved from filing a prison account statement in support of his application to proceed in forma pauperis (IFP), is granted. Banks's IFP application is deemed complete and is hereby granted. We emphasize that Banks's request to be relieved from filing a prison account statement is granted for the purpose of this mandamus petition only; all future IFP applications must comply with L.A.R. 24.1 and all requirements of this Court.