CLD-070                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3003
_____

IN RE: DERRICK J. ELLERBE,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. Nos. 2:20-cv-00211; 2:21-cv-03806; and 2:21-cv-03807)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 27, 2022

Before:  AMBRO, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed February 14, 2022)
_____

OPINION*
_____

PER CURIAM

    Derrick J. Ellerbe seeks a writ of mandamus on the basis that the United States

District Court for the Eastern District of Pennsylvania has "refuse[d] to docket" his

"cases, complaints, motions, or allegations."  We will deny the petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Although Ellerbe did not provide the relevant District Court case numbers, we take judicial notice of three relevant cases. See Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings). In Ellerbe v. President of the U.S., the District Court enjoined Ellerbe from filing, without prior leave of court, any pleadings or actions concerning "identical, untimely allegations" raised in prior civil actions. E.D. Pa. Civ. No. 2:20-cv-00211 (order entered Sept. 21, 2020.) One year later, the District Court dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) two actions filed by Ellerbe because they violated the prior filing injunction. See Ellberbe v. U.S. Government, E.D. Pa. Civ. No. 2:21-cv-03806 (order entered Sept. 20, 2021); In re Ellerbe, E.D. Pa. Civ. No. 2:21-cv-03807 (order entered Sept. 20, 2021). Ellerbe did not appeal from those orders.

A writ of mandamus is a drastic remedy available in only extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Generally, mandamus is a means "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (quoting In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000)). Mandamus may not be used as a substitute for appeal. See id. at 378–79.

To the extent that Ellerbe seeks to challenge the 2020 filing injunction or the subsequent dismissal of his actions pursuant to that injunction, mandamus relief is unavailable because he could have obtained that relief through the normal appeal process. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal

2

will lie, mandamus will not.").  While it is now no longer possible for him to perfect timely appeals, mandamus relief does not become available merely because the petitioner "allowed the time for an appeal to expire."  Oracare DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir. 1992); see also Moates v. Barkley, 147 F.3d 207, 209 (2d Cir. 1998) (ruling that challenge to filing injunction can be waived).

To the extent that the District Court refused, pursuant to the injunction, to file material offered by Ellerbe, he potentially can obtain review via a mandamus petition. See Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005).  But he cannot show that, in enforcing the filing injunction, the District Court "engaged in an 'unlawful exercise of its prescribed jurisdiction' or failed to 'exercise its authority when it was its duty to do so.'" Id. at 159 (alterations omitted) (quoting Richardson Greenshields Secs., Inc. v. Lau, 825 F.2d 647, 652 (2d Cir. 1987)).  The injunction barred Ellerbe from filing, without prior leave of court, any pleadings or actions concerning "identical, untimely allegations" that "he was followed, harassed, kidnapped or held captive by agents, officers or officials of the United States or Pennsylvania or other entities and persons …."  Ellerbe has not established that the District Court improperly rejected any actions under the filing injunction.  In fact, his mandamus petition and related filings indicate that the action allegedly refused by the District Court involved claims that Ellerbe was "kidnap[ed]" in 2013 and "held captive by the government for over six months …."

For the foregoing reasons, we will deny the petition for writ of mandamus.[1]

---

[1] Ellerbe's motion to proceed in forma pauperis is granted.  See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976) (citation omitted).

3