**DLD-068**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3102
_____

IN RE: DERRICK J. ELLERBE,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2:22-cv-04250)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 12, 2023
Before: JORDAN, SHWARTZ, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: January 23, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

Derrick J. Ellerbe seeks a writ of mandamus to compel the United States District

Court for the Eastern District of Pennsylvania to proceed on "several actions" and to

prevent that court's inaction from frustrating this Court's appellate jurisdiction. We will

deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

A writ of mandamus is a drastic remedy available in only extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Generally, mandamus is a means "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (cleaned up). "A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997).

At the outset, we note that Ellerbe seeks mandamus relief related to "several actions," but it is not entirely clear to which of his many actions he refers.[1] While Ellerbe

---

[1] Ellerbe is a frequent pro se litigant who is subject to multiple pre-filing injunction orders. In Ellerbe v. President of the U.S., E.D. Pa. Civ. No. 2:20-cv-00211 (order entered Sept. 21, 2020), the District Court enjoined Ellerbe from filing, without prior leave of court, any pleadings or actions concerning "identical, untimely allegations" raised in prior civil actions. Additionally, in In re Ellerbe, E.D. Pa. Civ. No. 2:21-cv-03807 (order entered Sept. 20, 2021), the District Court directed the Clerk of Court to refuse to accept for filing under Federal Rule of Civil Procedure 5(d)(4) any pleadings in E.D. Pa. Civ. No. 2:21-cv-03807 or any action within the scope of its prior order in E.D. Pa. Civ. No. 2:20-cv-00211.

To the extent that Ellerbe now seeks to challenge those filing injunctions through his mandamus petition, relief is unavailable. As we explained when rejecting this claim in In re Ellerbe, No. 21-3003, 2022 WL 444261, at *1 (3d Cir. Feb. 14, 2022), Ellerbe could have obtained that relief through the normal appeal process. Mandamus relief does not become available merely because the petitioner "allowed the time for an appeal to expire." Oracare DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir. 1992); see also Moates v. Barkley, 147 F.3d 207, 209 (2d Cir. 1998) (ruling that challenge to filing injunction can be waived). And to the extent that Ellerbe challenges the Court Clerk's general refusal, pursuant to the injunctions, to file materials offered by Ellerbe, or the District

2

has not included any case numbers, the first document attached to his habeas petition appears to be the complaint filed in E.D. Pa. Civ. No. 2:22-cv-04250, seeking a writ of mandamus against the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania.  We take judicial notice of that case.  See Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that a court may take judicial notice of the record from previous court proceedings).  We are unable to identify to which other actions Ellerbe refers.[2]

To the extent that Ellerbe's mandamus petition is a request to compel the District Court to rule in E.D. Pa. Civ. No. 2:22-cv-04250, the petition no longer presents a live

---

Court's complicity in the Court Clerk's rejection of his filings, he has not made the necessary showing that there has been an unlawful exercise of prescribed jurisdiction or a failure to exercise authority when there was a duty to exercise it.  See Hong Mai Sa v. Doe, 406 F.3d 155, 159 (2d Cir. 2005).  We note that many of the claims Ellerbe refers to in his mandamus petition appear to fall directly within the scope of the filing injunctions.

[2] It is unclear which District Court case number, if any, is associated with the second document attached to the petition.  This document, which appears to be a complaint involving the Postmaster General of the United States Postal Service and related Postal Service officials, was signed on September 14, 2022.  While Ellerbe has filed (or has taken preliminary steps toward filing) several other suits against the Postal Service and related entities and/or individuals, none was filed on or around September 14, 2022.  See, e.g., E.D. Pa. Civ. Nos. 2:08-cv-05487, 2:11-cv-07167, 2:12-cv-01243, 2:13-cv-04077, 2:13-cv-04598, 2:13-cv-04599, 2:13-cv-04600, 2:13-cv-06549, 2:14-cv-00152, 2:14-cv-00858, 2:17-cv-01473, and 2:20-cv-00211.  It does not appear that this document was filed in any of those cases.  Additionally, it does not appear that this document could be the complaint that Ellerbe alleges was rejected by the Clerk of Court on "9/29/02," as this complaint is dated "9/14/22," and he stated that the Clerk did not return the document to him.  It is unclear what relevance, if any, this document has in this mandamus action.

controversy. After Ellerbe submitted his mandamus petition in this Court, the District Court entered a memorandum opinion concluding that it lacked subject matter jurisdiction to grant the relief Ellerbe sought and that, to the extent that Ellerbe raised civil rights claims, such claims were meritless. The District Court thus entered an order dismissing the complaint, in part with prejudice and in part without, and directing the Clerk of Court to close the case. In light of the District Court's action, any request to compel the District Court to proceed on his complaint no longer presents a live controversy. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").[3]

To the extent that Ellerbe requests that we compel the District Court to act on other, unspecified actions, he has failed to provide sufficient detail to establish a clear and indisputable right to such an issuance. See Madden, 102 F.3d at 79.

For the foregoing reasons, we will deny the petition for writ of mandamus.

---

[3] To the extent that this mandamus petition could be construed as a challenge to the District Court's dismissal of Ellerbe's complaint, which seems unlikely given that the petition was submitted before the complaint was dismissed, mandamus relief is unavailable because he could have obtained that relief through the normal appeal process. See In re Diet Drugs, 418 F.3d at 378–79 (explaining that mandamus may not be used as a substitute for appeal); In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) (stating, "If, in effect, an appeal will lie, mandamus will not").