**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2692
_____

IN RE:  DERRICK J. ELLERBE,
                                                              Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 21, 2023

Before: SHWARTZ, MATEY, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: October 13, 2023)
_____

OPINION*
_____

PER CURIAM

Derrick J. Ellerbe seeks a writ of mandamus to "prevent the District Judge"

assigned to certain of his other filings "from thwarting the commencement of an action

over which the appeals court would have appellate jurisdiction." Pet. 1, ¶ 1, CA3 ECF

No. 1-1. Ellerbe's mandamus petition cross-references filings that he purportedly

submitted to the U.S. District Court for the Eastern District of Pennsylvania on

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

September 8 and 11, 2023, but does not cite to any specific case numbers, so we take judicial notice of his prior cases. See Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings).

In Ellerbe v. President of the U.S., the District Court enjoined Ellerbe from filing, without prior leave of court, any pleadings or actions concerning "identical, untimely allegations" raised in prior civil actions. E.D. Pa. Civ. No. 2:20-cv-00211, ECF No. 6 (Sept. 21, 2020). He did not appeal from the imposition of the filing injunction. He has filed numerous frivolous actions in the District Court and in this Court since then. See, e.g., E.D. Pa. Civ. No. 2:22-cv-04839, ECF No. 4 at 1–3 (describing nature of Ellerbe's filing injunctions); see also C.A. No. 23-1102 (denying recent mandamus petition). Attached to the instant request for mandamus relief is a complaint and motion that named the "Postal Service's Judicial Officer" as the defendant, contained familiar allegations of his "false imprisonment" in 2013 (though not elaborating any connection to the postal service), and resembled another complaint recently dismissed by the District Court pursuant to the filing injunction. See E.D. Pa. Civ. No. 2:23-cv-03319, ECF No. 4 at 4 (Sept. 8, 2023).

A writ of mandamus is a drastic remedy available in only extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Generally, mandamus is a means "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do

2

so." Id. (quoting In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000)). Mandamus may not be used as a substitute for appeal. See id. at 378–79.

To the extent that Ellerbe seeks to challenge the 2020 filing injunction or the dismissal of subsequent actions pursuant to that injunction, mandamus relief is unavailable because he could have obtained that relief through the normal appeal process. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not."). Even where it is no longer possible for him to perfect timely appeals of some actions (including the original filing injunction), mandamus relief does not become available merely because the petitioner "allowed the time for an appeal to expire." Oracare DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir. 1992); see also Moates v. Barkley, 147 F.3d 207, 209 (2d Cir. 1998) (ruling that challenge to filing injunction can be waived).

To the extent that the District Court, pursuant to the injunction, refused to file the complaint and motion that Ellerbe appended to his mandamus petition, he cannot show that the District Court "engaged in an unlawful exercise of its prescribed jurisdiction or failed to exercise its authority when it was its duty to do so." Hong Mai Sa v. Doe, 406 F.3d 155, 158–59 (2d Cir. 2005) (cleaned up). The injunction barred Ellerbe from filing, without prior leave of court, any pleadings or actions concerning "identical, untimely allegations" that "he was followed, harassed, kidnapped or held captive by agents, officers or officials of the United States or Pennsylvania or other entities and persons." E.D. Pa. Civ. No. 2:20-cv-00211, ECF No. 6 at 1–2. The complaint he appended here alleged that "[t]he agency has been stalking and harassing [him] since 2007[, and he] was

3

falsely imprisoned [in 2013] . . . by the federal agency and/or its judicial officer." Pet. 8, CA3 ECF No. 1-1. As the complaint clearly fell within the filing injunction's scope, the District Court was within its authority to reject it.

For the foregoing reasons, we will deny the petition for writ of mandamus.

4