Robert **WILLIAMS**, Plaintiff–Appellant,

v.

**HOME DEPOT USA, INC.,** Defendant–Appellee.

No. 05–6347–cv.

United States Court of Appeals, Second Circuit.

Sept. 19, 2006.

Robert Williams, Plaintiff–Appellant, Pro se, Bronx, N.Y.

Debra S. Morway, Morgan, Lewis & Bockius LLP, New York, N.Y., for Defendant–Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT A. KATZMANN, Circuit Judges.

48

## SUMMARY ORDER

On July 12, 2002, proceeding *pro se*, Plaintiff–Appellant Robert Williams filed a federal complaint alleging that Defendant–Appellee Home Depot USA, Inc. had denied Appellant an equal employment opportunity in his job as a sales associate on the basis of his race, and that Appellee had retaliated against Appellant after he had complained of harassment and discrimination, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). The district court (Batts, J.) granted Appellee's motion for summary judgment and entered final judgment on October 4, 2005. We assume the parties' familiarity with the relevant facts and the specification of issues on appeal.

This Court reviews an order granting summary judgment *de novo,* and asks whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003) (citation omitted). This Court will only affirm the dismissal of a claim on summary judgment if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Id.*

Having considered each of Appellant's arguments, we affirm the judgment of the district court for substantially the reasons given in its decision. Accordingly, the judgment of the district court is AFFIRMED.