12-1832-cv
Williams v. Schwartz

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand thirteen.

PRESENT:
ROSEMARY S. POOLER,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges*.

───────────────────────────────────

ROBERT WILLIAMS,

       *Plaintiff-Appellant*,

      v.                            12-1832-cv

ARTHUR SCHWARTZ, individually and in the capacity of managing agent, ALLISON HEILBRAUN, individually and in the capacity of attorney, DJA MANAGEMENT CORP., NORVAX ASSOCIATES, DOMINICK CALDERONI, individually and in the capacity of temporary receiver,

       *Defendants-Appellees*.[1]

───────────────────────────────────

For Appellant:          Robert Williams, *pro se*, Bronx, NY

───────────────────

[1] The Clerk of the Court is directed to change the caption as set out above.

For Appellees: David Patrick Stich, New York, NY

Appeal from an order of the United States District Court for the Southern District of New York (McMahon, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Robert Williams, proceeding *pro se*, appeals from the district court's March 1, 2012 decision and order dismissing his complaint, which alleged racial discrimination, housing discrimination, and general contract claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, the district court properly exercised jurisdiction and declined to dismiss Appellant's suit based on the *Rooker-Feldman* doctrine. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). We also review de novo the denial of leave to amend on the basis of futility. *See Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, we look for such allegations by reading *pro se* complaints with "special solicitude" and interpreting them "to raise the strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks omitted).

After an independent review of the record and relevant case law, we affirm the district court's judgment for substantially the same reasons as those stated by the district court in its decision and order.

We have considered Appellant's arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2