14-563-cv
*Williams v. City Univ. of N.Y., Brooklyn Coll.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of January, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            CHESTER J. STRAUB,
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges.*

―――――――――――――――――――――

ROBERT WILLIAMS,

            *Plaintiff-Appellant,*

            v.                                                No. 14-563-cv

CITY UNIVERSITY OF NEW YORK, BROOKLYN COLLEGE,

            *Defendant-Appellee.*

―――――――――――――――――――――

**FOR PLAINTIFF-APPELLANT:**        Robert Williams, *pro se*, Bronx, NY.

**FOR DEFENDANT-APPELLEE:**         Barbara D. Underwood, Solicitor General,
                                    Michael S. Belohlavek, Senior Counsel, David
                                    Lawrence, III, Assistant Solicitor General, *for*
                                    Eric T. Schneiderman, Attorney General of
                                    the State of New York, New York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Carol B. Amon, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Plaintiff Robert Williams, proceeding *pro se*, appeals from the District Court's January 22, 2014 order denying his motion to reopen his racial discrimination case against the City University of New York, Brooklyn College, pursuant to Federal Rule of Civil Procedure 60. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We generally review the denial of a Rule 60(b) motion for abuse of discretion. *Meilleur v. Strong*, 682 F.3d 56, 64 (2d Cir. 2012). However, we review *de novo* the denial of a Rule 60(b)(4) motion. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270–71 (2010).

Upon review of the record and relevant law, we conclude that the District Court properly denied Williams's Rule 60 motion, substantially for the reasons stated in its January 22, 2014 order. As the District Court found, Williams's claims under Rule 60(b)(1)–(3) were time barred. Nor did Williams cite any "rare and exceptional circumstances" that warranted equitable tolling. *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks and alteration omitted). Williams's arguments under Rule 60(b)(4) were also meritless because the District Court's revocation of *in forma pauperis* status was expressly authorized by statute. *See* 28 U.S.C. § 1915(a)(3). Moreover, in previously dismissing Williams's direct appeal as frivolous, we implicitly determined that the District Court's dismissal of his amended complaint was proper. *See* Order, *Williams v. City Univ. of N.Y., Brooklyn Coll.*, No. 12-54 (2d Cir. Apr. 9, 2012).

As to Williams's Rule 60(d)(3) claim, although the District Court appears to have construed that claim under Rule 60(b)(3) or (4), Williams nevertheless failed to show any fraud on the court. The record demonstrates that the District Court was well aware that Williams's course registration bar remained in effect when it issued its judgment of dismissal. Moreover, the District Court's judgment did not rely on whether the registration bar was temporary. Accordingly, Williams has not shown a "grave miscarriage of justice" that warrants setting aside the District Court's judgment. *United States v. Beggerly*, 524 U.S. 38, 47 (1998).

## CONCLUSION

We have considered all of the arguments raised by Williams on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's January 22, 2014 order.

2

Finally, we note that Williams appears to have an extensive history of meritless and vexatious litigation. *See, e.g.*, *Williams v. Schwartz*, 529 F. App'x 89, 90 (2d Cir. 2013); Order, *Williams v. Calderoni*, No. 11-3046 (2d Cir. Apr. 10, 2012); Order, *Williams v. City Univ. of N.Y., Brooklyn Coll.*, No. 12-54 (2d Cir. Apr. 9, 2012); *Williams v. Home Depot USA Inc.*, 196 F. App'x 47, 48 (2d Cir. 2006). **Williams is hereby advised that any future frivolous appeals, motions, or other filings could result in the imposition of sanctions, including an order barring any future filings without approval by this Court.** *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (internal quotation marks omitted)).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk