CLD-186                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1201
_____

MATTHEW JONES,
                                        Appellant

v.

DR. KHALID MIRZA; DOVER BEHAVIORAL HEALTH CENTER; DELAWARE
PSYCHIATRIC HOSPITAL
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:15-cv-01017)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 6, 2017
Before:  SHWARTZ, NYGAARD, and FISHER, Circuit Judges

(Opinion filed:  April 13, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Matthew Jones appeals from the District Court's orders

dismissing his complaint.  Because we agree with the District Court's decision and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

conclude that this appeal lacks arguable merit as a matter of law, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.

On November 4, 2015, Jones filed a complaint in the United States District Court for the District of Delaware naming Dr. Khaled Mirza, Dover Behavioral Health, and the Delaware Psychiatric Center[1] as defendants. Jones claimed that the defendants provided him with poor psychiatric care and committed medical malpractice while he was committed to the defendants' care. On August 8, 2016, the District Court granted the defendants' motions to dismiss, concluding that it lacked subject matter jurisdiction and noting that Delaware Psychiatric Center was immune from suit under the Eleventh Amendment, in any event. The District Court granted Jones leave to amend his complaint against Dr. Mirza and Dover Behavioral Health and noted that, in addition to the jurisdictional issue, Jones' claims against Dr. Mirza appeared to be time-barred.

Jones timely filed an amended complaint, alleging medical malpractice and criminal acts by the defendants. Dr. Mirza and Dover Behavioral Health filed a joint motion to dismiss. After the matter was fully briefed,[2] the District Court again dismissed Jones' complaint for lack of jurisdiction and for failure to state a claim upon which relief

constitute binding precedent.

[1] Jones incorrectly referred to the Delaware Psychiatric Center as the Delaware Psychiatric Hospital.

[2] In his subsequent briefing, Jones raised claims regarding Linda C. Jones, who is not a party to this action.

may be granted. Jones timely appealed the District Court's orders dismissing his original and amended complaints and a Clerk letter rejecting a filing.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. A federal court must dismiss an action or an appeal sua sponte under 28 U.S.C. § 1915(e)(2)(B) if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013). An appeal may be dismissed as frivolous as a matter of law when none of the legal points are arguable on their merits. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We review de novo the District Court's dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. See Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007).

## III.

In his original complaint, Jones alleged that the District Court had federal question jurisdiction; therefore, the claims raised in the complaint must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jones did not seek a remedy granted by the Constitution or federal law, and none of the claims asserted against the defendants arise out of or implicate the Constitution or federal law. Instead, the claims asserted medical negligence or criminal acts; Jones alleged that he was assaulted by the defendants, that they conspired to commit attempted murder, and that they made false statements about his health care. Jones' single conclusory reference to "due process" does not convert his tort claims into constitutional claims. His citation of

various criminal statutes under the Federal Crimes Code does not create a federal question to the extent that he sought to impose criminal liability on the defendants, because he lacked standing to do so. See United States v. Friedland, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Accordingly, Jones' complaint does not present a federal question under § 1331.

In his amended complaint, Jones asserted "U.S. Government defendant" as a basis for jurisdiction; however, as the District Court properly concluded, none of the defendants are U.S. government officials or entities.[3] At their core, the factual allegations of Jones' pleadings make clear that he is asserting state law medical malpractice[4] and criminal claims against non-governmental defendants, such that the District Court did not have original jurisdiction under § 1331.

Even if Jones' complaint could be construed as alleging a claim pursuant to 42 U.S.C. § 1983, Jones failed to state a claim for relief. A § 1983 action may be maintained only against a defendant who acts under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Private actors, such as the non-governmental defendants named

---

[3] Jones does not assert diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) as a basis for jurisdiction. Additionally, it is clear from the complaint and amended complaint that diversity of jurisdiction is lacking here.

[4] In his sur-reply, Jones may have withdrawn his claim for medical malpractice as he asserted that the greater offenses of attempted murder and assault were his "first priority" and that the defendants' actions were intentional. Regardless, we will address the claim.

here, can be said to act under color of state law only if their conduct is fairly attributable to the state. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). The District Court took judicial notice that Dover Behavioral Health is a private psychiatric facility and Dr. Mirza is one of its staff psychiatrists. Jones made no allegation that would even arguably support a claim that these private defendants acted under color of state law in any actions they took regarding his medical care.

Finally, as the District Court stated, Delaware Psychiatric Center, as a section of the Delaware Division of Substance Abuse and Mental Health, is a state agency and thus is entitled to immunity under the Eleventh Amendment. See MCI Telecomm. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment protects a state or state agency from suit, unless Congress has specifically abrogated the state's immunity or the state has waived its own immunity. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 (1984); Laskaris v. Thornburgh, 661 F.2d 23, 25-26 (3d Cir. 1981). Delaware has not waived its Eleventh Amendment immunity.[5]

---

[5] In his brief, Jones also alleges that the Clerk erred in rejecting his filing. To the extent the Clerk's action is reviewable here, under the All Writs Act, 28 U.S.C. § 1651, or otherwise, Jones is not entitled to relief. See Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) (treating an appellate challenge to a court's refusal to accept papers for filing as a petition for mandamus relief); cf. Witasick v. Minn. Mut. Life Ins. Co., 803 F.3d 184, 189 (3d Cir. 2015) ("[M]inute entries are not orders of the district court nor are they signed by a judge. As such, they cannot serve as a foundation for an appeal."). A writ of mandamus is a drastic remedy available only in extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Here, Jones filed a letter and nude photographs of Linda C. Jones. The Clerk rejected the filing based on what it described as graphic and lewd photographs. The Clerk explained that the photos violated the Court's privacy policy and that Jones could resubmit his documents without the photographs. Mandamus relief clearly is not warranted under these circumstances.

For the foregoing reasons, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[6]

---

[6] To the extent that Jones has submitted documents presenting issues unrelated to the events addressed in his complaint, we take no action, as such issues are not within the scope of our review in this appeal.