CLD-163                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3768
_____

MATTHEW JONES, Appellant

v.

KENT COUNTY SUPERIOR COURT, Delaware; DOVER BEHAVIORAL HEALTH
CENTER; DR. A. M. SHAH

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-17-cv-00394)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 18, 2019

Before: CHAGARES, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: May 17, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Matthew Jones appeals the District Court's order dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B)(i). For the reasons that follow, we will summarily affirm the District Court's judgment.

Jones initiated this action in 2017, filing a complaint against the Kent County Superior Court. He alleged that his rights had been violated during two involuntary-civil-commitment hearings and sought $2 billion in damages. The District Court dismissed the complaint on the ground that Jones's claims against the Superior Court were barred by the Eleventh Amendment. Jones appealed. We affirmed the District Court's Eleventh-Amendment ruling, but vacated the judgment and remanded so the District Court could give Jones an opportunity to amend his complaint. See Jones v. Kent Cty. Superior Court, 721 F. App'x 235, 237 (3d Cir. 2018) (non-precedential opinion).

On remand, Jones filed an amended complaint, which he then amended again. In his operative second amended complaint, ECF No. 23, he named as defendants the Dover Behavioral Health System and Dr. A.M. Shah. He alleged that he had improperly been involuntarily committed in psychiatric institutions and misdiagnosed as schizophrenic. He claimed that his rights had been violated under a host of federal criminal statutes; in this section of complaint, he included allegations of murder, kidnapping, and sex trafficking, committed or facilitated by "identity thieves working as judges and on the police force." ECF No. 23 at 9. Jones again requested $2 billion in damages. The District Court dismissed the complaint as frivolous, concluding that Jones was not entitled to impose criminal liability on the defendants, that he had failed to state a basis

2

for federal jurisdiction against the Dover Behavior Health System, and that he had presented no allegations against Shah. Jones filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We will summarily affirm a District Court's order if "no substantial question is presented" by the appeal. 3d Cir. L.A.R. 27.4(a). "To be frivolous, a claim must rely on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quoting Neitzke v. Williams, 490 U.S. 319, 327–28 (1989)).

We will summarily affirm the District Court's judgment. As the Court explained, Jones has alleged that the defendants violated his rights under numerous criminal statutes, but "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Lee v. U.S. Agency for Int'l Dev., 859 F.3d 74, 77 (D.C. Cir. 2017) ("The Supreme Court has 'rarely implied a private right of action under a criminal statute[.]'" (quoting Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979)); Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) (affirming dismissal of claims alleging violation of criminal statutes because "these are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action"). Moreover, the allegations that Jones presented in this portion of his complaint are based on fantastic or delusional factual scenarios. See Jones v. Bridgeville Police Dep't, No. 18-3247, 2019 WL 1222728, at *1 (3d Cir. Mar. 15, 2019) (non-precedential opinion) (so ruling with respect to similar allegations that Jones raised in another action).

3

While we previously ruled that Jones might be able to state a federal claim concerning the civil-commitment hearings, see Jones v. Kent Cty. Superior Court, 721 F. App'x 235, 237 (3d Cir. 2018), we agree with the District Court that he failed to do so in his second amended complaint. The complaint contains not a single allegation against defendant Dr. Shah. Further, Jones has previously sued Dover Behavioral Health System on related grounds, and we affirmed the District Court's ruling that the Health System is not a state actor subject to suit under 42 U.S.C. § 1983. See Jones v. Mirza, 685 F. App'x 90, 92 (3d Cir. 2017) (non-precedential opinion).[1] Jones has identified no other potential basis for federal jurisdiction over such a claim as to the Health System.[2] Accordingly, we will summarily affirm the District Court's judgment.

---

[1] Jones has filed numerous meritless cases, and we have recently warned him that "filing further meritless appeals in frivolous cases may result in the imposition of sanctions or filing injunctions." Jones v. Bridgeville Police Dep't, No. 18-3247, 2019 WL 1222728, at *1 (3d Cir. Mar. 15, 2019) (non-precedential opinion). We repeat that warning here.

[2] We are satisfied that the District Court did not err when it did not give Jones yet another opportunity to amend. See generally Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).