**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 24-1949 & 24-1950 (cons.)
_____

MATTHEW JONES,
                              Appellant

v.

DR. SYED SHAH


&


MATTHEW JONES,
                              Appellant

v.

DR. FOUAD EL CHIDIAK
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action Nos. 1:23-cv-00925; 1:23-cv-00998)
District Judge:  Honorable Jennifer L. Hall

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 5, 2025
Before:  RESTREPO, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: March 31, 2025)
_____

_____

PER CURIAM

Pro se appellant Matthew Jones appeals from the District Court's judgments in favor of the defendants in these civil actions that raise claims under 42 U.S.C. § 1983 and state tort law. We will affirm.

In August and September 2023, Jones filed near-identical complaints in the District Court. He alleged that the defendants, two doctors employed by Dover Behavioral Health, misdiagnosed him with schizophrenia and prescribed him damaging medication. Jones primarily alleged that these actions violated his Second, Fourth, Eighth, and Fourteenth Amendment rights. The District Court screened the complaints pursuant to 28 U.S.C. § 1915 and dismissed them with prejudice as frivolous. Jones filed timely notices of appeal, and the appeals have been consolidated for all purposes.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissals. See Dooley v. Wetzel, 957 F.3d 366, 373–74 (3d Cir. 2020). "To be frivolous, a claim must rely on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quoting Neitzke v. Williams, 490 U.S. 319, 327–28

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

(1989)).  We may affirm a District Court's order on any basis supported by the record.

See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court's dismissals of the complaints.  As we have previously explained in ruling on similar appeals filed by Jones, he has failed to sufficiently allege that the defendants are state actors subject to suit under 42 U.S.C. § 1983, he has failed to allege grounds for diversity jurisdiction over his state law claims, and he has not identified any other potential basis for federal jurisdiction over his claims. See Jones v. Mirza, 685 F. App'x 90, 92 (3d Cir. 2017) (non-precedential opinion).[1]

Accordingly, we will affirm.

---

[1] The Clerk directed Jones to address in his merits brief whether the District Court erred when it did not give him an opportunity to amend his complaints to include allegations that might support a claim that the defendants acted under color of state law here.  See generally Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002); see also Benn v. Universal Health Sys., Inc., 371 F.3d 165, 172 (3d Cir. 2004); Rawson v. Recovery Innovations, Inc., 975 F.3d 742, 757 (9th Cir. 2020), cert. denied, 142 S. Ct. 69 (2021).  Jones has forfeited this issue by failing to develop it in his brief.  See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016).