DLD-351                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2915
_____

In re:  THOMAS E. NOBLE,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to Civ. Nos. 1:16-cv-00406 & 1-16-cv-00407)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 21, 2016

Before CHAGARES, GREENAWAY, JR. and GARTH[1], Circuit Judges

(Opinion filed: October 6, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[1] The Honorable Leonard I. Garth participated in the decision in this case, but died before the opinion could be filed.  This opinion is filed by a quorum of the court.  28 U.S.C. § 46 and Third Circuit IOP 12.1(b).

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Thomas E. Noble seeks a writ of mandamus vacating a filing injunction, forcing the District Court Judge, the Honorable Sue L. Robinson, to recuse from two of his cases, and vacating the District Court's orders therein. We will deny his requests.

Noble is a serial litigator. He has filed over five dozen lawsuits in federal district courts, including over 30 complaints in the United States District Court for the District of Delaware. See Noble v. Becker, No. Civ. A. 03–906, 2004 WL 96744, at *1 & nn.4-5 (D. Del. Jan. 15, 2004) (collecting cases).[2] As the Honorable Kent A. Jordan, then a Judge in the United States District Court for the District of Delaware, wrote: "When reviewing Noble's complaint history, a pattern becomes clear. After the dismissal of his claims, rather than file an appeal as required by the Federal Rules of Civil and Appellate Procedure, Noble simply files new lawsuits and demands further review." Id. at *2.[3] In 2004, Judge Jordan entered an order barring Noble from filing pro se any civil rights complaints in the District Court without that court's prior approval ("the filing injunction"). Noble did not directly appeal from the filing injunction.

Nevertheless, in 2016, Noble filed a series of complaints in that district. As relevant here, Noble first filed a "hybrid" lawsuit seeking both federal habeas relief and redress for numerous alleged civil rights violations that was docketed at Civ. A. No. 1:16-

---

[2] See also Noble v. Robinson, 1:16-cv-00439 (D. Del. June 15, 2016); Noble v. Cerino, 1:16-mc-00177 (D. Del. June 22, 2016); Noble v. Delaware, 1:16-mc-00188 (D. Del. June 29, 2016).

[3] Noble has continued with that pattern here. After Judge Robinson declined to recuse in the lawsuits at issue in this case, Noble filed a complaint against her claiming that she violated his civil rights. See Noble v. Robinson, 1:16-cv-00439 (D. Del. June 15, 2016).

cv-00406. As grounds for one such violation, he claimed that Judge Robinson had violated his civil rights by waiting to rule on, and ultimately denying, an earlier petition for federal habeas corpus relief. Noble filed a motion for her recusal after his "hybrid" lawsuit was assigned to her. The District Court viewed the action as sounding in habeas, ruled that Noble had improperly attempted to plead claims for damages for alleged civil rights violations in the habeas action, and held that the filing injunction barred him from bringing a civil rights action without prior approval. The District Court thus dismissed his civil rights claims. Further, the Court found no basis to recuse herself from ruling on the federal habeas portion of Noble's complaint. Noble filed a notice of appeal as to those orders, which is currently pending at C.A. No. 16-2985.

Noble's other relevant lawsuit was a purported class action challenging Delaware's criminal statutes concerning child pornography and challenging the State's policing and enforcement of those laws as a violation of his and others' civil rights, which was docketed at Civ. A. No. 1:16-cv-00407. The District Court (Judge Robinson) dismissed it as a clear violation of the filing injunction. The District Court ordered the clerk to close the case and return Noble's filing fee.

Noble now asks us to issue a writ of mandamus vacating the filing injunction, vacating Judge Robinson's orders in the lawsuits discussed above, and forcing her to recuse from those cases going forward.

A writ of mandamus is a drastic remedy available in only extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).

Generally, mandamus is a means "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (quoting In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000)). Mandamus may not be used as a substitute for appeal. See id. at 378-79.

First, to the extent that Noble seeks to challenge the 2004 filing injunction, mandamus relief is unavailable because Noble could have obtained that relief through the normal appeal process. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not."). While it is now no longer possible for him to perfect a timely appeal, mandamus relief does not become available merely because the petitioner "allowed the time for an appeal to expire." Oracare DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir. 1992).

Meanwhile, Noble can potentially obtain review of the District Court's enforcement of the filing injunction via a mandamus petition. See Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005). However, Noble cannot show that, in enforcing the filing injunction, the District Court "engaged in an 'unlawful exercise of its prescribed jurisdiction' or failed to 'exercise its authority when it was its duty to do so.'" Id. at 159 (alterations omitted) (quoting Richardson Greenshields Secs., Inc., 825 F.2d 647, 652 (2d Cir. 1987)). The filing injunction barred Noble from filing civil rights complaints in the United States District Court for the District of Delaware without that court's prior approval, and Noble has not established that his action was improperly dismissed under the filing injunction.

Noble also contends that he is entitled to a writ of mandamus forcing Judge Robinson to recuse from his "hybrid" lawsuit. Initially, we construe the District Court's order dismissing his civil rights claims as effectively severing those claims from his habeas corpus claims. See White v. ABCO Eng'g Corp., 199 F.3d 140, 145 (3d Cir. 1999) (recognizing that the magistrate judge's actions effectively severed claims against only certain defendants). Given the differences between petitions for habeas relief and complaints seeking redress for civil rights violations—including the difference in filing fees, the distinct statutory schemes implicated by each type of action (the Prison Litigation Reform Act and the Antiterrorism and Effective Death Penalty Act), and the dissimilar standards for briefing, screening, and processing of habeas petitions versus civil rights complaints—this was an appropriate approach.[4] See Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 463-64 (5th Cir. 1998) (endorsing similar approach).[5]

Because the District Court severed Noble's civil rights claims in his hybrid lawsuit and dismissed them pursuant to the filing injunction, Noble need not resort to a mandamus petition to challenge the order refusing to recuse in that case. The District Court's order dismissing Noble's severed civil rights claims constitutes a final, appealable order, see U.S. ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc.,

_____

[4] To the extent that Noble seeks mandamus relief as to the District Court's decision to sever the claims, we deny his request. See, e.g., In re Specht, 622 F.3d 697, 700-01 (7th Cir. 2010).

[5] While it might at times be appropriate for a district court to stay civil rights claims during the pendency of a habeas petition, see generally Melvin v. Nickolopoulos, 864 F.2d 301, 304 (3d Cir. 1988), the existence of the filing injunction here made that course

149 F.3d 227, 231 & n.3 (3d Cir. 1998), and thus Noble may properly challenge the District Court's decision not to recuse on direct appeal, see In re Kensington Int'l Ltd., 353 F.3d at 219. Indeed, Noble has already lodged a notice of appeal challenging, at the very least, the District Court's recusal order. For these same reasons, we will also deny his request—which was predicated on Judge Robinson's refusal to recuse—for a writ of mandamus vacating her dismissal of the civil rights claims. See id.

Nor will we grant Noble's request to force Judge Robinson to recuse from presiding over his habeas corpus action. Noble has not persuasively argued that 28 U.S.C. § 455 requires her recusal from the habeas case. His only argument for relief is that he named Judge Robinson as a defendant in the severed civil rights action, but that alone is not sufficient to require her recusal under § 455 in the separate habeas action. See Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam).

Nor will we issue a writ of mandamus either vacating the dismissal of or forcing Judge Robinson to recuse from the purported class action. Again, Noble can challenge these decisions via direct appeal. See In re Kensington Int'l Ltd., 353 F.3d at 219.

For these reasons, we will deny Noble's request for a writ of mandamus. We also deny Noble's pending motions.

---

unnecessary.