IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 19, 2024

## BENJAMIN MCCURRY v. AGNESS MCCURRY

**Appeal from the Circuit Court for Washington County**
**Nos. 38147 & 42482      D. Kelly Thomas, Jr., Senior Judge**

---

### No. E2024-01719-COA-T10B-CV

---

Petitioner seeks accelerated review of the denial of two motions to recuse the trial judge. After a de novo review, we affirm the denial of both motions.

**Tenn. Sup. Ct. R. 10B Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Agness McCurry, Hercules, California, pro se appellant.[1]

## OPINION

### I.

In two cases, one in which she is the subject of an order of protection and another in which she was held in criminal contempt,[2] Agness McCurry filed what appear to be identical motions to recuse the trial judge. In her motions, Ms. McCurry claimed the trial judge who presided over both cases was "unable to be impartial." She alleged that she had a "contentious history" with the judge "regarding his Oath of Office" and because of a federal lawsuit that she filed against him. She faulted the judge for his "attitude towards her VAWA (Violence Against Women Act) status." She complained that the judge

---

[1] We have determined that no answer or oral argument is necessary, so we act summarily on this appeal. TENN. SUP. CT. R. 10B, §§ 2.05, 2.06.

[2] The criminal contempt arose out of a post-divorce proceeding involving a permanent parenting plan. *See McCurry v. McCurry*, No. E2022-00635-COA-R3-CV, 2022 WL 17347387, at *1 (Tenn. Ct. App. Dec. 1, 2022).

"violated Rule 10B on multiple occasions and refused to disqualify himself when required to by Rule 2.11 of [the Code of] Judicial Conduct." She further complained that the judge "violated his administrative duties to dispose of [her] motions timely and schedule hearings for these motions sent to him by the Clerk." She also complained that the judge violated her "Due Process and Equal Protection rights to 'give evidence' at crucial proceedings in her civil and criminal cases to support the petition to terminate her parental rights."

The court denied the motions in each of the cases. After summarizing the grounds, the court noted that Ms. McCurry had filed two prior recusal motions in the criminal contempt case and three prior recusal motions in the order of protection case on "largely duplicative and repetitive" grounds and that those motions had been denied in previous orders. The court found that Ms. McCurry presented no evidence of a contentious history.

The court acknowledged that Ms. McCurry had filed motions that had not been ruled upon. But in both cases she filed those motions after filing notices of appeal, so the trial court's jurisdiction was limited.

The parental termination case referenced by Ms. McCurry in her recusal motions was being heard by a different judge. The trial judge stated that he "had no involvement with, or knowledge of, the proceedings to terminate [Ms. McCurry's] parental rights."

The trial judge denied any personal bias or prejudice concerning Ms. McCurry. He also denied any knowledge of the disputed facts in either case aside from what had been presented in court.

## II.

In Tennessee, litigants "have a fundamental right to a 'fair trial before an impartial tribunal.'" *Holsclaw v. Ivy Hall Nursing Home, Inc.*, 530 S.W.3d 65, 69 (Tenn. 2017) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)); *see Kinard v. Kinard*, 986 S.W.2d 220, 227 (Tenn. Ct. App. 1998) (reasoning that litigants "are entitled to the 'cold neutrality of an impartial court'" (quoting *Leighton v. Henderson*, 414 S.W.2d 419, 421 (Tenn. 1967))); *see also* TENN. CONST. art. VI, § 11. It "goes without saying that a trial before a biased or prejudiced fact finder is a denial of due process." *Wilson v. Wilson*, 987 S.W.2d 555, 562 (Tenn. Ct. App. 1998).

Our courts also recognize that "the appearance of bias is as injurious to the integrity of the judicial system as actual bias." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001); *see In re Cameron*, 151 S.W. 64, 76 (Tenn. 1912) (emphasizing the "lasting importance" of the public "hav[ing] confidence in the fairness and uprightness of the judges created to serve as dispensers of justice"). So judges should recuse when they have "any doubt as to [their] ability to preside impartially in [a] case." *Davis*, 38 S.W.3d at 564. A judge must also "disqualify himself or herself in any proceeding in which the judge's

2

impartiality might reasonably be questioned." TENN. SUP. CT. R. 10, Rule 2.11(A). This test is "an objective one." *State v. Cannon*, 254 S.W.3d 287, 307 (Tenn. 2008). It requires recusal "when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Davis*, 38 S.W.3d at 564-65 (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)). On appeal, the denial of a motion to recuse is reviewed de novo. TENN. SUP. CT. R. 10B § 2.01.

The party moving for recusal has the burden of proof. *Adkins v. Adkins*, No. M2021-00384-COA-T10B-CV, 2021 WL 2882491, at *4 (Tenn. Ct. App. July 9, 2021). Specifically, Ms. McCurry's claim that the trial judge is "unable to be impartial" requires "some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned." *Davis v. Tenn. Dep't of Emp. Sec.*, 23 S.W.3d 304, 313 (Tenn. Ct. App. 1999) (Order on Petition for Rehearing).

Although Ms. McCurry supported her recusal motions with identical affidavits, the affidavits offer few facts to support her request for relief. In her petition for accelerated interlocutory appeal, she touts "new evidence of misconduct" by the trial judge "constitut[ing] public corruption and 'case fixing'" in favor of her former spouse and his attorney. None of the facts adduced support her contentions or justify the trial judge's recusal.

Ms. McCurry offered no details concerning her dispute over the trial judge's oath of office or the federal lawsuit she filed against him. Apparently, she sued "several judges and government officials . . . claim[ing] her rights were violated 'due to her lawful permanent residency under the Violence Against Women Act (VAWA).'" *McCurry v. McCurry*, No. 2:23-CV-00141-JRG-CRW, 2024 WL 4581379, at *5 (E.D. Tenn. Aug. 20, 2024), *appeal filed* (6th Cir. Oct. 16, 2024). Standing alone, a lawsuit against the trial judge—assuming he was named a party to that suit—does not require recusal. *See State v. Duhon*, 322 So. 3d 326, 341 (La. Ct. App. 2021); *Adams v. Rice*, 249 So. 3d 463, 468 (Miss. Ct. App. 2018); *In re Noble*, 663 F. App'x 188, 191 (3d Cir. 2016); *United States v. Ford*, 293 F. Supp. 3d 1138, 1140 (E.D. Cal. 2018). To allow a party to force recusal by the filing of a civil complaint against the trial judge "would thwart the administration of justice and encourage the filing of frivolous lawsuits against judges." *Gillard v. Nw. Mem'l Hosp.*, 143 N.E.3d 213, 225 (Ill. Ct. App. 2019).

Ms. McCurry also offered no evidence of any "attitude" expressed by the trial judge arising from her status as a lawful permanent resident under the Violence Against Women Act.[3] *See* 8 U.S.C. § 1154(a)(1)(A)(ii), (iii). Instead, she seems to be the only one interested in interjecting her permanent residency status into the proceedings.

---

[3] Apparently, Ms. McCurry's permanent residency status is a common refrain in her court filings. *See McCurry*, 2024 WL 4581379, at *4-5.

The court complied with the applicable rules governing disqualification or recusal. *See* TENN. SUP. CT. R. 10B. It appears the judge acted promptly by written order. And the court "stated in writing the grounds upon which he . . . denie[d] the motion[s]." *Id.* § 1.03.

In this appeal, Ms. McCurry's chief complaint appears to be the trial judge's failure to rule on certain motions she filed after her notices of appeal in each case. The court correctly did not rule on the motions. "[O]nce a party perfects an appeal from a trial court's final judgment, the trial court effectively loses its authority to act in the case without leave of the appellate court."[4] *First Am. Tr. Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001) (footnote omitted). This avoids the "undesirable consequences of permitting a case to be pending in more than one court at the same time." *Id.* If Ms. McCurry wanted a ruling, it was incumbent on her to "apply[] to the appellate court for an order of remand." *Born Again Church & Christian Outreach Ministries, Inc. v. Myler Church Bldg. Sys. of the Midsouth, Inc.*, 266 S.W.3d 421, 425 (Tenn. Ct. App. 2007).

Finally, Ms. McCurry complains of undescribed incidents that involved her "rights to 'give evidence.'" However, it is well settled that adverse rulings alone do not establish bias or impartiality. *Cannon*, 254 S.W.3d at 308.

Ms. McCurry did not carry her burden on either recusal motion. She offered no "evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned." *Davis*, 23 S.W.3d at 313. So the motions were properly denied.

### III.

We affirm the denial of the motions for recusal. The cases are remanded for further proceedings consistent with this opinion.

_s/ W. Neal McBrayer_____
W. NEAL McBRAYER, JUDGE

---

[4] After the perfecting of an appeal, the trial court does retain jurisdiction to entertain "ancillary matters relating to the enforcement or collection of its judgment." *First Am. Tr. Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 141 n.8 (Tenn. Ct. App. 2001). The motions Ms. McCurry describes do not fall into the category of ancillary matters.